```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

|   |   |
|---|---|
| GEORGE KERSEY,            )<br>     Plaintiff,        )<br>                           )   Civil Action No.<br>     v.                    )   24-11075-NMG<br>                           )<br>DONALD TRUMP,              )<br>     Defendant.            )<br>                           ) | |

                          **ORDER**

**GORTON, J.**

   Pro se plaintiff George Kersey brings this action in which he alleges that former president Donald Trump should not be permitted to run for another presidential term because Mr. Trump (1) is not of "natural birth," as required by the Constitution,[1] and (2) "has threatened action against those who oppose him." Compl. at 4.

   The Court lacks jurisdiction over Kersey's claim. Under Article III of the United States Constitution, "the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' and 'Controversies.'" Ariz. Christian Sch. Tuition Org. v. Winn, 563 U.S. 125, 132 (2011) (quoting U.S. Const. art. III, § 2). "To state a case or controversy

---

[1] See U.S. Const. art. II, § 1, cl. 5 ("No person except a natural born citizen . . . shall be eligible to the office of President . . . .").

under Article III, a plaintiff must establish standing." Id. at 133.  A plaintiff "must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling," to establish standing.  See Horne v. Flores, 557 U.S. 433, 445 (2009).  "For an injury to be 'particularized,' it must 'affect the plaintiff in a personal and individual way.'" Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 n.1 (1992)).  A "generalized interest of all citizens in constitutional governance" does not suffice to confer standing.  Ariz. Christian Sch., 563 U.S. at 132 (quoting Schlesigner v. Reservists Comm. to Stop the War, 418 U.S. 208, 217 (1974)). "Injuries that are too 'widely shared' or are 'comparable to the common concern for obedience to law' may fall into the category of generalized grievances about the conduct of government." Lyman v. Baker, 954 F.3d 351, 361 (1st Cir. 2020) (quoting Becker v. Fed. Election Comm'n, 230 F.3d 381, 390 (1st Cir. 2000)).

    Here, Kersey does not identify a "particularized" injury he suffers due to Mr. Trump's alleged disqualifications from running for president.  Rather, Kersey complains of "harm to his and every citizen's interest in proper application of the Constitution and laws."  Lujan, 504 U.S. at 573.  As Kersey has

not alleged facts sufficient to establish standing to bring this lawsuit, this action does not present a "case" or "controversy" over which this Court could exercise jurisdiction.

Accordingly, for the reasons stated above, the Court hereby orders:

1. This action is DISMISSED for lack of jurisdiction.

2. The motion for leave to proceed *in forma pauperis* (Docket # 3) shall be terminated as moot.

3. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this order would not be taken in good faith.

**So ordered.**

    /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: 06/27/2024